LOBRANO, Judge.
The only issue before this court is whether the trial court was correct in dismissing relator’s motion because of improper use of summary proceedings.
Relator obtained a money judgment against Mr. Perkins. That judgment was recorded and thus acts as a judicial mortgage. Relator seeks a writ of seizure and sale pursuant to that judgment against assets belonging to the community existing between Mr. Perkins and his former wife, respondent. In order to meet due process requirements prior to seizing the property, relator filed a rule against respondent “to show cause why the seizure should not issue.”[1]
Respondent objected that this was an improper use of summary proceedings. We disagree.
La.Code of Civil Procedure Article 2592 provides in part:
“Summary proceedings may be used for trial or disposition of the following matters only:
(1) an incidental question arising in the course of litigation.”
* * * # * *
The question raised by relator’s rule to show cause is whether the judgment against the husband only can be used as a basis for a writ of seizure against community property of the husband and wife, now divorced. The trial court did not reach the merits of this issue.
We are of the opinion that this issue is incidental to the principal action against the husband. It affords the wife the opportunity to object to the seizure of her interest in the community property prior to it actually being seized. We hold that summary procedure is proper under these circumstances.
We therefore grant this writ and remand to the trial court for further proceedings.

. Respondent-wife was not a party to the original suit. She and her husband had separated prior to the suit.